# AFFIDAVIT

Michael J. Carazza, Special Agent, Federal Bureau of Investigation, being duly sworn, states:

I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for over twenty-one years. I am currently assigned to the Public Corruption squad. I have been assigned to the Public Corruption squad full time for approximately eight years, but have also worked and investigated public corruption matters throughout my career. I have also investigated white collar crime, fugitive, and violent crime matters. In my current assignment, I have been involved in the investigation of public corruption and other offenses which are violations of federal statutes within the jurisdiction of the FBI. I personally participated in the investigation of violations of federal law by Todd RANDALL ("RANDALL") and others in the course of this investigation.

During my tenure with the FBI, I have been involved in dozens of investigations. I have debriefed defendants, informants, and witnesses. I have conducted surveillance, worked with confidential informants, and participated in investigations using court-authorized interception of wire and electronic communications. During my law enforcement career, I have also participated in the preparation and execution of numerous arrest warrants and search warrants.

This affidavit is submitted in support of a criminal complaint charging RANDALL with making false statements and representations when interviewed by the FBI regarding an ongoing corruption investigation in violation of Title 18, United States Code, Section 1001(a).

This affidavit is being submitted for the limited purpose of establishing probable cause to believe that RANDALL violated 18 U.S.C. § 1001(a). I have included only those facts I believe to be necessary to make this showing. This affidavit does not include each and every fact known to me concerning this investigation. The foregoing facts are based on my personal participation in this investigation, including but not limited to, first-hand

observations of the defendant, as well as my conversations with and review of reports from other federal law enforcement officers.

On January 22, 2010, RANDALL, a City of Revere Police Officer, met with an FBI confidential informant ("CI") and accepted $200 in exchange for RANDALL's assistance with a criminal case pending in Chelsea District Court. At approximately 11:20 a.m. on January 22, 2010, agents with the FBI observed RANDALL, who was on duty, in a police uniform, and operating a marked Revere Police cruiser, as he traveled to the home of the CI in Everett, Massachusetts. RANDALL was observed and photographed as he exited Revere Police cruiser #103 and entered the home of the CI.

While inside the home of the CI, RANDALL accepted $200 in FBI funds from the CI and then explained the efforts he would make to compromise a pending criminal case in Chelsea District Court for a friend of the CI. RANDALL also asked the CI if he/she had access to any Percocet pills to which the CI replied that he/she did not. As RANDALL departed the residence he explained to the CI that he had previously obtained Percocets by the "wheelbarrow" and "500 at a time" but that they were now harder to obtain. The interaction between the CI and RANDALL, including the exchange of $200, was memorialized on film through the use of a concealed audio and video recording device previously installed by the FBI in the home of the CI.

On March 14, 2011, FBI Special Agents Kevin Constantine and this writer traveled to the home of RANDALL and interviewed him. Agents explained to RANDALL that the FBI was investigating information that RANDALL had assisted the CI's friend with a court case. RANDALL denied knowing the CI or the CI's friend. Agents then explained to RANDALL that the FBI had received information that RANDALL had been to the CI's house located in Everett, Massachusetts, while operating a Revere Police Department cruiser. RANDALL denied being present at the home of the CI. RANDALL was then asked if he had ever accepted money for a court case from the CI on behalf of a third individual. RANDALL denied accepting any money from the CI. Agents then explained to RANDALL that withholding information or lying to the interviewing agents was a violation of federal

law and that he could be prosecuted. RANDALL once again denied ever being present at the CI's house. Agents then specifically asked RANDALL whether he accepted $200 from the CI for his assistance with a court case. RANDALL again denied accepting money from the CI. Once again, agents explained to RANDALL that lying to the interviewing agents was a federal crime for which he could be prosecuted. RANDALL replied that he understood and stated, "I have no reason to lie to ya fellas." Agents again asked RANDALL if he had ever been present at the Everett home of the CI. RANDALL denied that he had been present at the home of the CI. Agents then asked RANDALL, hypothetically, if the FBI possessed a photo of a uniformed Revere Police officer at the Everett home of the CI, could RANDALL be the officer in the photo. RANDALL denied being at the home of the CI and then stated in disbelief that "if there is a photo of me I'd like to see it."[1]

## CONCLUSION

Based on the information set forth above, I believe probable cause exists to conclude that on or about March 14, 2011, Todd RANDALL did knowingly and willfully make materially false statements and representations when interviewed by the FBI regarding an ongoing corruption investigation in violation of 18 U.S.C. § 1001(a).

_____
Michael J. Carazza
Special Agent
Federal Bureau of Investigation
Boston, Massachusetts

Subscribed and sworn to before me this 8th day of April, 2011.



_____
JENNIFER C. BOAL
United States Magistrate Judge

---

[1] Two photos taken of RANDALL while meeting with, and accepting payment from, the CI inside the CI's Everett home are attached hereto as Exhibit 1.